Bouldin, J.,
delivered the opinion of the court.
A preliminary motion has been made in this case by the appellee, to dismiss the appeal as improvidently awarded, on the ground that the amount in controversy is below the jurisdiction of the court. It is certainly a matter of no small difficulty to ascertain what is the exact pecuniary sum in controversy between the parties: but in the view taken of the case by the court ic will be unnecessary to decide that question; for in addition to that, the title to the ten shares of stock which were redeemed by the association is also involved. These ten shares were ordered to be sold as the property of Haines to satisfy his debt to the association, whilst they were claimed by the latter as belonging absolutely to it. The *793 value of these shares shortly before the date of the sale of Haines’ property, to wit: on the 4th of March 1870, appears by a commissioners report in the cause to have been $100 each, and from 50 cents to $1.50 a share less, a month or two afterwards. Either value would be far above the sum required to give this court jurisdiction, independently of the uncertain pecuniary demand. The ' motion is therefore overruled; and we come to the merits of the appeal.
Since the cause was heard and decided in the Circuit court, this court in the case White v. The Mechanics Building Fund Association of Lexington, 22 Gratt. 233, has had under consideration the operation and effect of the acts of Assembly authorizing the organization of Building Fund Associations, and has settled some principles which, had they been established before the decision of this cause in the court below, would have rendered the labors of that court, and of counsel, far less arduous. * *
The articles of association in the two cases are substantially, indeed in most respects identically, the same ; and in construing the effect of the redemption of shares, this court, in the case in 22 Gratt. (consisting of four judges) held unanimously “that the Building Fund Association, by the redemption of the appellant’s shares of stock, acquired the right of property therein; and that the assignment of them to the association by the appellants for the price he received, was not an hypothecation for a loan, but an absolute surrender of them to-the association, whereby they were sunk and extinguished.” See decree of the court, ibid. p. 251.
The contract of redemption in the case before us, is in all respects the same in effect with that before this court in -the case referred to. The shares redeemed, like those in that case, became the absolute property of the associa *794 tion ; they were “sunk and extinguished” for value re- . ° ceived; and consequently, they could in no respect be treated as a seeui’ity fora loan. The Circuit court erred, there- .. 7 fore, in so treating them. If they continued in existence for any Pm’Pose whatever, they could only so continue as-the absolute property of the association, and of course could not be sold for a debt due to it.
. Such being now the established law in such cases, the only remaining question is, what was the debt of Haines to the association, secured hy his bond and deed of trust, and what is now due- thereon in cash? The $880 “ advanced to him by the association for the redemption of his stock does not constitute the debt or any portion of it. That sum was merely the consideration paid to him- - by the association for the shares of stock assigned by him to the association, and for his undertaking to make-certain monthly payments secured by bond and deed of trust on property. The bond and deed of trust to secure-it show what these payments are. They are $14 40-100, monthly, until the association shall be able to divide-$200 to each unredeemed share. That covers his entire-indebtedness secured by the deed; for fines to accrue are- • not included therein; and as the deed provides that the-whole debt secured, due, and to become due, shall be-paid out of the- proceeds of the property conveyed in •trust, the difficult question is presentedwhat is the-present value of the debt thus secured ? What is the--present value of $14.40, payable monthly, until the association shall be able to divide $200 to each unredeemed: •share. As that time, unless it has occurred during thependency of the appeal, is necessarily uncertain, any calculation to fix it must be of necessity conjectural and approximate only. There can in such cases be no mathematical certainty. If the sum must be worked out, it can only be done by resorting to some approximate esti *795 mate, analagous to the valuation of life estates, annuities for life, &c., &c. "We think it prohable that in this case an estimate sufficiently certain for all practical purposes may be made by the Circuit court through its commissioner, when the case goes back. The association appears to have been in operation between five and six years. The exact date of its organization does not appear ; but as Haines’ first monthly payment appears to have occurred in January 1868, we suppose the organization of the company took place about that date. If so, the shares rose to the value of $100 in two years and three months; for on the 4th of March 1870, they are proved by a commissioner’s report, to have been worth that sum. Three years and six months have elapsed since that time; and at the same rate of advance the shares would already have reached the par value. Whether that be so or not, the Circuit court can have before it the present value of the shares, and their value-at the end of each year from the organization of the association; and with this material, it is presumed that an approximate estimate of the debt, sufficiently accurate, can be made.
But, as it is very probable, indeed almost certain, that the claim of the ássociatiou and that of the appellee, Gilbert, the next incumbrancer, will consume the entire trust fund, the court is of opinion that unless the present value of the appellant’s claim can be agreed on between the appellant, the appellee Gilbert, and Haines the debtor, then the said Gilbert and Haines shall have the option of requiring the net proceeds of the trust, 'after satisfying dues actually accrued (not including fines) to be invested at interest, under an order of the court; and that the monthly dues shall, from time to time, be paid out of the accruing interest, and so much of the principal as may be required to meet them, until *796 the unredeemed shares shall reach the par value of $200 should the fund be sufficient for that purpose. But, should said Gilbert and Haines prefer that the debt to the association shall be at once discharged at its present va^ue’ then the Circuit court will proceed, as nearly as it can, to estimate that value. This court not having sufficient data before it, will not attempt to prescribe a formula to govern the Circuit court. It is presumed, however, that such facts will he accessible to that court as will enable it to make an approximate estimate which will be just and satisfactory.
The decrees complained of must be reversed, with costs to the appellant, and the cause remanded to the Circuit court, to be proceeded in according to the principles above declared.
The decree was as follows ;
The court • having maturely considered the motion made by the appellee at the last term, to dismiss the ■cause for want of jurisdiction, doth overrule the same; and having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred in treating the redemption by the appellant,' of the ten shares of stock in the proceedings mentioned at the price of $880, as a loan at that snm, with a transfer of the shares as a security for its payment, instead of treating it as an absolute sale and transfer of these shares to the association, whereby the association acquired an absolute right of property therein, and the same were /-'sunk and extinguished.”
The court is further of opinion, that the sum of $880, advanced for the shares, was the price thereof, and constituted-no part of the debt of Haines-to the association; *797 that the only debt from him which constituted a lien on the property conveyed to Shields, trustee, is the debt mentioned in the bond of Haines to the association and the deed of trust given to secure it, viz: the sum of $14 40 cents, for dues and interest, not including fines, to be paid monthly, beginning on the 4th day of December 1868, and continuing until the association shall be able to divide $200 to each unredeemed share, credited by such monthly payments as have been heretofore made. The balance of the accrued instalments, and the present value of those yet to fall due, constitute the entire debt of Haines, secured by his bond and deed of trust; and unless the appellant, the appellee Gilbert, and Haines, the debtor, can agree among themselves as to-the present value of the future instalments, the said Gilbert and Haines shall have the option of requiring the net proceeds of the trust property, after discharging the dues aforesaid actually accrued, exclusive of fines, which are not charged on the trust fund, to be invested under an order of the Circuit court, and the accruing interest and so much of the principal as may be necessary to be applied, from time to time, to the payment of the monthly dues and interest aforesaid, as they may accrue, until the debt shall be discharged, should the fund be sufficient; and the residue, if any, to Gilbert’s debt.
But should said Gilbert and Haines elect to have the unaccrued quotas reduced to their present value and paid in cash, then the Circuit court will proceed to ascertain, as nearly as practicable, that present value. The time when the association will be able to divide the requisite amount] (unless it has arrived already) being wholly uncertain, any calculation which may be resorted to to fix it,, must, like cases of life est ates, annuities for life, &c., be approximate and conjectural merely. There can be,.from the nature of the case, no mathematical *798 certainty. But the Circuit court can have before it the value of the shares at the end of each year from the organization of the association, showing their progressive advance in value for a series of years; ■ and with suc^ materials, that court can, with a reasonable approximation to accuracy, ascertain the period of final distribution. The sum will then be simple. Some such calculation as that suggested should have been made by the Circuit court, instead of treating the price of the shares as a loan, and proceeding on that basis.
It is, therefore, decreed and ordered, that the decrees . complained of, so far as they are in conflict with this decree, be reversed and annulled; and that the appellee Gilbert do pay to the appellant, its costs in this court expended. It is further ordered, that the cause be remanded to the Circuit court, to be further proceeded in according to the principles above declared; which is ordered to be certified to the said Circuit court of Frederick county.
Decree reversed.